## JAMES E. PECK *vs.* SÁMUEL R. SMITH.

The defendant, a member of a district school committee, being at the school house just before the opening of the school for the day, was addressed by the plaintiff, one of the larger boys of the school, in the presence of other scholars, in a profane and insulting manner, and ordered the plaintiff to leave the room, and on his refusing, put him out by force, using no more force than was necessary.  Held that he was justified in so doing.

The defendant had no power to expel the plaintiff from the school, the statute (Gen. Statutes, tit. 16, sec. 84,) providing a mode of proceeding for that purpose; but such ejection from the room was not necessarily an expulsion from the school, and if it was so intended, yet as it could not have that effect, the plaintiff was at liberty to return to the school.

The defendant therefore, in an action for an assault for the forcible ejection of the plaintiff from the room, would not be chargeable with the loss of his school privileges.

A certificate of the appointment of the defendant as a member of the committee, that was not sufficient to prove his right to the office, held admissible to explain the character in which he acted.

TRESPASS for an assault; brought to the Court of Common Pleas of Fairfield County.  The plaintiff was a minor and sued by a next friend.

The declaration alleged that the defendant with force and arms did an assault make on the body of the plaintiff, and did then and there forcibly eject the plaintiff from, and kept him out of, one of the public school houses in one of the

school districts in said town, and deprived him of all the benefits to which he was lawfully entitled as a legal scholar of said school, so holden in said school house, for the space of six months next succeeding ; whereby the plaintiff was deprived during the whole of said period of time of the benefit of the instruction at said public school.

The case was tried upon the general issue, with notice, closed to the court, before *Brewster, J.* The notice was that the defendant was acting as a member of the committee of the school district, and removed the plaintiff from the school room for misconduct, using no unnecessary force.

Upon the trial it was proved that on the morning of January 6th, 1873, the plaintiff was, and for some weeks had been, a regular attendant and registered scholar in the school in School District No. 3, in the town of Ridgefield. The defendant then was, and for some months had been, doing the duties of a school district committee in the district, and supposed he was such by a proper election as recorded in the records of the school district. On that morning before the opening of the school, or arrival of the teacher, who was a young woman of feeble bodily strength and of slight size, the defendant went to the school house and began to make a fire in the stove, on the pipe of which he noticed some chalk marks which had been made by the plaintiff. When the plaintiff, a robust boy of sixteen years of age, came into the school-house, with three or four younger scholars, the defendant, observing the marks on the stove-pipe, asked the plaintiff if he knew who made them. The plaintiff replied, " I did." The defendant asked, " What for ?" The plaintiff replied, " For nothing but fun ; for no hurt and for no good." The defendant then asked the plaintiff if he could not get off the marks better than he had done ; and the plaintiff answered in a saucy way, that he " supposed that he could take a hoe or a scraper and scratch them off a little more ; that the teacher was satisfied with it." The defendant thereupon called the plaintiff saucy and impudent, and told him he wanted no more of his " lip ;" and the plaintiff instantly retorted that in his opinion the defendant was the saucier of

the two. The defendant then raised his hand and advanced towards the plaintiff, who swore at the defendant, and "dared" him to strike him. The defendant then told the plaintiff that he must stop swearing, but he replied that "he would not for him or for any G—d d—n man," and asked the defendant if he wished him to leave school. The defendant replied that he did not, but rather wished him to remain and behave as he should, to stop swearing and be a good boy. The plaintiff continued using bad and profane language, when the defendant told him that he must stop swearing or leave the school-house, and as he did not stop, finally told him to get his things and go. As the plaintiff was putting on his things the defendant told him to hurry up, and the plaintiff responded that he wouldn't go until he got ready; whereupon the defendant laid his hand upon the plaintiff's shoulder and led him to the door, and out of the school-house, using no other violence, nor any force unnecessary to the ejection of the plaintiff.

The teacher, who arrived just as the plaintiff was led out of the school-house, heard the oaths of the plaintiff and saw the action of the defendant, but made no objection thereto.

The plaintiff took his books home, and from that time to the end of the term, a period of several weeks, did not attend the school. The plaintiff did not himself offer or attempt to return to the school, or complain to the defendant or to the other members of the school committee, nor was anything done by the defendant to prevent his return. The plaintiff immediately communicated the fact of his ejection from the school to one Joseph Taylor, with whom he was then living, and requested him to take measures to obtain re-admission for him to the school. Taylor, immediately after the occurrence at the school-house, called out to the defendant, as the latter was passing by his house on his way to the railway station, to know why the plaintiff had been turned out of the school, informing the defendant that he should demand full investigation; to which the defendant replied that he would, in a short time, when he came back from the station, inform him, and that the plaintiff would find out if he did not keep

away from the school ; but Taylor was not in his house when the defendant returned.

Taylor then called on one Keeler and one Haviland, both claiming to be members of the committee of the school district, and informed them of the facts, and that the plaintiff wished to be placed again without delay in the school ; but both declined to do anything in the matter. He then called on the teacher of the school, and she replied that she did not know why the plaintiff had been expelled ; that he was a good pupil, and that she personally would be pleased to have him return. He then called on the board of education of the town, and with the same object, and was informed by them that they had no power to reinstate the plaintiff in the school.

To prove that he was a member of the committee of the school district, and how he came to act as a committee, and that he was acting *colore officii* and *de facto* as a committee, the defendant offered in evidence a book purporting to be the record of the proceedings of the school district, to the admission of which the plaintiff objected on the ground that it was not legally verified, and did not prove him to be an officer *de jure* ; but the court admitted it. The plaintiff also claimed from the foregoing facts that the defendant was liable in trespass, and not only for the violence used by him to the person of the plaintiff, but also for the injuries and loss arising from his expulsion from the school ; but the court ruled adversely to these claims of the plaintiff, and held as matter of law that the defendant was justified in peaceably removing the plaintiff from the school-house, using no unnecessary force for that purpose.

The court having rendered judgment for the defendant, the plaintiff moved for a new trial for error in the rulings of the court.

*Taylor*, in support of the motion.

*White*, contra.

FOSTER, J. On examining this record, giving due consideration to the arguments of counsel upon the questions

arising upon it, we readily come to the conclusion that the rulings and decision of the court below were correct, and that there should be no new trial.

The plaintiff was a pupil in the public school of the district where he resided, and the defendant was acting as one of the committee of the district. The objection to the admission of the evidence, offered to prove his election to that office, was properly overruled. That what purported to be the record of the district was not duly certified, was insufficient to exclude it under the circumstances. In connection with the other evidence it was admissible, at least to explain the character in which the defendant acted—that he was not acting as a stranger, but *colore officii.*

From the facts detailed in the motion, the act of the defendant in removing the plaintiff from the school house is abundantly justified, and may properly be commended. The school for the day had not commenced. The defendant, being at the school-house, performing certain duties connected with the school, called the attention of the plaintiff to certain acts, not specially culpable in character, which he acknowledged he had committed. His bearing and manner were insolent and offensive, and the language in which he indulged was grossly profane. Such language, reprehensible at all times, should not have been allowed to pass with impunity from a school-boy of the older class, within the walls of a school-house, in the presence and hearing of younger pupils. After being told to leave, he so conducted that it was proper to remove him, no unnecessary force being used to attain that object.

The plaintiff seems to insist that this was an expulsion from the school, and denies that the defendant, under the provisions of the 84th section of our statute entitled "An Act concerning Education," possessed the power of expulsion, even if he was one of the committee, which is also denied.

We incline to agree with the plaintiff's construction of this section of the statute, so far as the powers of the defendant, acting under it, are concerned. We see no advantage, however, accruing to the plaintiff, if he is right in that claim.

Peck *v.* Smith.

The result necessarily would be, that not having been expelled from the school by any competent authority, he was still entitled to attend, and avail himself of its advantages, had he been so disposed. The teacher it seems was willing to receive him, and had never been directed not to do so. The plaintiff never came to school again, but for that we do not think the defendant was responsible. The inquiry made of the defendant by Mr. Taylor, the next friend of the plaintiff, assumed that the plaintiff had been expelled from the school, and the answer of the defendant, giving it all the effect which the plaintiff claims for it, fails to amount to a trespass, or to place any legal obstacle in the way of the plaintiff's return to school. Nor does the application of Mr. Taylor to the other gentlemen, claimed to belong to the committee of the district, or his application to the board of education of the town, affect the questions here involved. If the plaintiff had not been expelled from the school, and his counsel insist that he had not, the legal steps to that end not having been taken, the committee were quite right in refusing to interfere, for there was nothing for them to do, nothing in fact which they could do. The plaintiff could go back when he pleased, there was no legal impediment. If, on the other hand, the plaintiff had been expelled, the refusal of the other members of the committee, and of the board of education, to take any action in the premises, did not create, and does not affect, any liability of the defendant involved in this action. That action is trespass for an assault and battery, the declaration consisting of but one count. All the force used against the plaintiff is fully justified, and the judgment for the defendant should not be disturbed. The plaintiff stands here on his legal rights, and is certainly entitled to enjoy them, but his position on this record is such that he should have them in strict measure, not running over.

There should be no new trial.

In this opinion the other judges concurred.