## Daniel S. Sheehan *vs.* William Sturges.

The reasonableness of the punishment administered by a school teacher to a pupil is purely a question of fact.

A school teacher has a right to require obedience to reasonable rules and a proper submission to his authority, and to inflict punishment for disobedience.

In the absence of rules established by the school board or other proper authority, the teacher has a right to make all necessary and proper rules for the regulation of the school.

In inflicting corporal punishment the teacher must be governed, as to the mode and severity of it, by the nature of the offense, and by the age, size, and physical condition of the pupil.

Where a boy has been habitually refractory and disobedient the teacher in punishing him for a particular offense may take into consideration his habitual disobedience.

And it is not necessary that he should inform the pupil at the time that he is punishing him for his past as well as present misconduct.

[Argued November 3d—decided November 24th, 1885.]

ACTION for an assault and battery; brought to the Superior Court, and tried to the court before *Beardsley, J.* Facts found and judgment rendered for the defendant, and appeal by the plaintiff. The case is sufficiently stated in the opinion.

*J. S. Seymour*, for the appellant.

*J. H. Perry*, with whom was *W. H. Perry*, for the appellee.

GRANGER, J. This is a complaint for an assault and battery. The defense is that the plaintiff was at the time a pupil in a school kept by the defendant, that he wilfully violated the reasonable rules of the school and disobeyed the reasonable commands of the defendant as his teacher, and that for this misconduct the defendant as such teacher whipped him in a reasonable manner. The sole controversy upon the trial was as to the reasonableness of the punishment inflicted. The court found that "such whipping was not unreasonable or excessive and was fully justified by the plaintiff's misconduct at that time."

The extent and reasonableness of the punishment administered by a teacher to his pupil, is purely a question of fact. This is too well settled to make the citation of authorities necessary. The finding of the court therefore settles the question as to this, unless the court acted upon improper evidence.

The plaintiff testified as a witness in his own behalf, and on his cross-examination the defendant, against the objection of the plaintiff's counsel, was allowed to ask him whether, on two former occasions, both of them more than a week before the whipping in question, he had not assaulted the teacher while he was chastising him. And the defend-

ant afterwards, in his testimony in his own behalf, was allowed, against the objection of the plaintiff, to state that the plaintiff's conduct in school was habitually bad, and that on two former occasions, one of them about two weeks and the other seven or eight days before the whipping in question, the plaintiff had assaulted him while he was chastising him.

The defendant was also allowed, on the plaintiff's cross-examination, against objection, to inquire of him whether he had not, seven or eight days before the whipping in question, put stones in his pocket and declared that he was going to attack the teacher with them. The plaintiff, in answer to the inquiry, denied that he had done so, and the defendant, against the plaintiff's objection, was allowed to show by a witness that the plaintiff had so done.

The defendant did not inform the plaintiff at the time of the whipping that he was punishing him for his past and habitual misconduct.

We think the court committed no error in admitting the inquiries and evidence. The right of the schoolmaster to require obedience to reasonable rules and a proper submission to his authority, and to inflict corporal punishment for disobedience, is well settled. It is said in the Encyclopedia of Education, edited by Kiddle and Schem, page 189, that "the school codes of the United States are generally silent in regard to the right of teachers to inflict corporal punishment; and there are numerous judicial decisions in favor of this right. By English and American law a parent may correct his child in a reasonable manner, and the teacher is *in loco parentis.*" Citing 2 Kent Com., 203; 1 Black. Com., 453; *Commonwealth* v. *Randall*, 4 Gray, 36; *State* v. *Pendergast*, 2 Dev. & Batt., 365; *Stevens* v. *Fassett*, 27 Maine, 280; *Lander* v. *Seaver*, 32 Verm., 123.

As incident to this relationship it is the right of the teacher, in the absence of rules established by the school board or other proper authority, to make all necessary and proper rules for the good conduct and order of the school; and it is his duty to see that order is maintained and the rules observed. And if any scholar violates the rules and

disobeys the orders of the teacher, it is the duty of the latter to enforce compliance, and to that end it may be necessary to inflict personal chastisement, as without it he might lose all control of the school.

In inflicting such punishment the teacher must exercise sound discretion and judgment, and must adapt it not only to the offense but to the offender. Horace Mann, a high authority in the matter of schools, says of corporal punishment: "It should be reserved for baser faults. It is a coarse remedy, and should be employed upon the coarse sins of our animal nature, and when employed at all should be administered in strong doses." Of course the teacher, in inflicting such punishment, must not exceed the bounds of moderation. No precise rule can be laid down as to what shall be considered excessive or unreasonable punishment. Reeve's Dom. Rel., 288. Each case must depend upon its own circumstances. In *Commonwealth* v. *Randall*, 4 Gray, 36, it is held that, "in inflicting corporal punishment, a teacher must exercise reasonable judgment and discretion, and be governed as to the mode and severity of the punishment by the nature of the offense, and the age, size, and apparent powers of endurance of the pupil." And we think it equally clear that he should also take into consideration the mental and moral qualities of the pupil, and, as indicative of these, his general behavior in school and his attitude towards his teacher become proper subjects of consideration.

We think therefore that the court acted properly in admitting evidence of the prior and habitual misconduct of the plaintiff, and that it was perfectly proper for the defendant, in chastising him, to consider not merely the immediate offense which had called for the punishment, but the past offenses that aggravated the present one, and showed the plaintiff to have been habitually refractory and disobedient. Nor was it necessary that the teacher should, at the time of inflicting the punishment, remind the pupil of his past and accumulating offenses. The pupil knew them well enough, without having them brought freshly to his notice.

There is no error.

In this opinion the other judges concurred.