Opinion delivered May 21, 1887.

No. 5435.

## James Hutton v. The State.

AGGRAVATED ASSAULT AND BATTERY—FACT CASE.—Reasonable chastisement inflicted by a school teacher upon a pupil for a violation of a rule of the school, even though the violation did not occur at the school house nor during school hours, does not, under the laws of this State,

constitute an assault. See the opinion *in extenso* for the substance of evidence *held* insufficient to support a conviction for aggravated assault and battery.

APPEAL from the County Court of Burnet. Tried below before the Hon. J. A. Crews, County Judge.

The opinion states the case. The penalty assessed was a fine of twenty-five dollars.

*Ward & Hammond*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE. This conviction is for an aggravated assault and battery. The facts are, substantially, that defendant was a school teacher conducting a school; that the party assaulted, one W. Z. Nugent, a boy nine years of age, was a pupil in said school. This boy fought with other boys, but the fighting occurred away from the school house, and not during school hours. Among other rules of the school was one prohibiting the students from fighting. When it came to the knowledge of the defendant that this pupil and other pupils had been engaged in fighting, he punished all so engaged for a violation of said rule, by whipping them. He whipped the pupil, W. Z. Nugent, with a switch of reasonable size, and struck him about nine licks on the legs, inflicting no severe bruises, abrasions or other serious injury. These are the facts upon which this conviction is based, and in our judgment they do not sustain the conviction.

Our law wisely provides that the exercise of moderate restraint or correction by a teacher over a scholar is legal,—does not constitute an assault or battery. (Penal Code, art. 490, sub. div. 1.) It is not shown by the evidence that the correction administered by the teacher to his pupil in this instance was immoderate. It was merely an ordinary whipping with a small switch, such as many parents inflict upon their refractory boys, and such as should perhaps be more common among parents and teachers. That the punishment was inflicted for an infraction of a rule of the school, which infraction was committed away from the school house, and not during school hours, did not deprive the teacher of the legal right to punish the pupil for such infraction. (Bouldin v. The State, ante, p. 172.)

Believing this conviction to be contrary to the evidence and the law, the judgment is reversed and the cause remanded.

*Reversed and remanded.*