DONALD CALWAY *v.* HARRY D. WILLIAMSON.

MALTBIE, C. J., BROWN, ELLS, DICKENSON and QUINLAN, Js.

Argued November 4, 1943—decided February 24, 1944.

*John Buckley* and *Edwin M. Ryan,* with whom was *Farrel J. LeRoy,* for the appellant (defendant).

*Lawrence J. Matzkin,* with whom was *Yale Matzkin,* for the appellee (plaintiff).

QUINLAN, J. In this action for personal injuries alleged to have been sustained by the plaintiff pupil in consequence of an assault by the defendant principal of the public school which he was attending, the court rendered judgment for the plaintiff and the defendant has appealed. The appeal is mainly an attack upon the finding, the conclusions and the overruling of his claims of law. He is entitled to no material corrections of the finding and the parties were in no substantial disagreement as to the law governing the issues.

The precise question for determination, therefore, is whether under the circumstances the acts of the de-

fendant stated in the finding, the more material of which will be hereafter referred to, are sufficient to support the court's major conclusions, in essence as follows: "While the plaintiff was under a duty to submit to reasonable discipline, and for injury sustained in rebelling against it would be entitled to no relief, he was not required to submit to the defendant's kneeling and sitting upon him under the circumstances since these acts constituted the use of unreasonable force, and therefore he was justified in attempting to escape from the crushing weight of the defendant."

Summarized, the material facts in the finding are: On April 15, 1941, the plaintiff, a boy ten years of age weighing eighty-nine pounds and somewhat below average height for his age, was a pupil in the third grade of a grammar school in Bristol of which the defendant was the principal charged with the supervision of the teachers and the maintenance of discipline of the pupils. The principal had had twenty-five years of practical experience. He was strong physically, forty-six years old, five feet seven inches tall and weighed one hundred ninety pounds. On that date Mrs. Taylor, the plaintiff's teacher of forty-eight years experience, told the plaintiff she was going to punish him for impudence exhibited by him in defying her instructions a few minutes before in the schoolyard. The plaintiff backed away from her attempts to punish him by striking his hands with a strap, but he was struck once with it on the neck. She ordered him back to his seat and summoned the defendant, who happened to be passing the open door. She again called the plaintiff to the front of the room and told him she was going to punish him for his impudence. She made another unsuccessful attempt to strap the plaintiff's hands and exclaiming, "This is beyond me," turned the strap over to the defendant.

The defendant was totally unaware of what had previously transpired before he entered the building. The plaintiff's temper had by now become thoroughly aroused, and when the defendant ordered him to go to the former's office on the second floor he refused to move, remaining silent. The defendant then grasped the plaintiff's left wrist and, as the plaintiff refused to walk, pulled him across the floor to the door and into the corridor, the plaintiff's feet sliding over the surface. During this time the plaintiff was struggling in an attempt to escape the defendant's grasp and sought to kick the defendant and at one time succeeded in scratching his hand. He was crying and began to call the defendant vile names. Due to the continued struggle of the plaintiff the defendant grasped both his wrists and pushed him to the floor. The defendant while holding the plaintiff's wrists then knelt on his abdomen with one knee. The plaintiff began to squirm around as he attempted to relieve himself of the weight of the defendant upon him. A brother of the plaintiff came up the basement stairs and stopped when he saw the defendant kneeling on him. The plaintiff asked his brother to get his older sister Mildred, who was a pupil in the eighth grade. The brother returned with Mildred. The defendant in the meantime had moved his knee from the plaintiff and sat on his abdomen, while still holding his wrists in a firm grasp. The defendant released the plaintiff and told Mildred to take him home. On the way home the plaintiff's back pained him and Mildred had to help him along. Upon reaching home he lay on a couch complaining of pain in his back. During the period when the defendant was kneeling and sitting on the plaintiff, and as the result of the latter's efforts to free himself from the defendant's weight upon him, the plaintiff sustained a skin burn or abrasion below

his right scapula, causing a break in the skin. It became infected and osteomyelitis resulted, to recover for the serious effects of which the action was instituted.

A teacher in a limited sense is in loco parentis over the pupil. *Stevens* v. *Fassett,* 27 Me. 266, 279. Incident to this relationship it is well settled that the teacher may "require obedience to reasonable rules and a proper submission to his authority, and . . . inflict corporal punishment for disobedience. . . . In inflicting such punishment the teacher must exercise sound discretion and judgment, and must adapt it not only to the offense but to the offender. . . . Of course the teacher, in inflicting such punishment, must not exceed the bounds of moderation. No precise rule can be laid down as to what shall be considered excessive or unreasonable punishment. Reeve's Dom. Rel., 288. Each case must depend upon its own circumstances." *Sheehan* v. *Sturges,* 53 Conn. 481, 483, 484, 2 Atl. 841. In *Lander* v. *Seaver,* 32 Vt. 114, 123, it is held as follows: "In determining upon what is a reasonable punishment, various considerations must be regarded, the nature of the offence, the apparent motive and disposition of the offender, the influence of his example and conduct upon others, and the sex, age, size and strength of the pupil to be punished. Among reasonable persons much difference prevails as to the circumstances which will justify the infliction of punishment, and the extent to which it may properly be administered. On account of this difference of opinion, and the difficulty which exists in determining what is a reasonable punishment, and the advantage which the master has by being on the spot to know all the circumstances, the manner, look, tone, gestures and language of the offender, (which are not always easily described), and thus to form a correct opinion as to the necessity and extent of the punishment, considerable

allowance should be made to the teacher by way of protecting him in the exercise of his discretion. Especially should he have this indulgence when he appears to have acted from good motives and not from anger or malice. Hence the teacher is not to be held liable on the ground of excess of punishment, unless the punishment is *clearly* excessive and would be held so in the general judgment of reasonable men. If the punishment be thus *clearly* excessive, then the master should be held liable for such excess, though he acted from good motives in inflicting the punishment, and in his own judgment considered it necessary and not excessive. But if there is any reasonable doubt whether the punishment was excessive, the master should have the benefit of the doubt." Mechem, Public Officers, § 731; Voorhees, Law of Public Schools, § 70; 47 Am. Jur. 428; 56 C. J. 855, § 1100; Restatement, 1 Torts, § 148.

While reasonableness is the test of punishment, "the extent and reasonableness of the punishment administered by a teacher to his pupil, is purely a question of fact." *Sheehan* v. *Sturges,* supra, 482. There is no distinction in the application of the test between punishment and acts of restraint incident to discipline. *Fertich* v. *Michener,* 111 Ind. 472, 484, 11 N. E. 605, 14 N. E. 68; *Fitzgerald* v. *Northcote,* 4 F. & F. 656, 692, 176 Eng. Rep. R. 734. The finding of the court disposes of this question if the facts found warrant the conclusion. The trial court has found facts from which it might be logically inferred that the weight of the defendant was exerted upon the plaintiff by kneeling and sitting upon him. It has concluded that the plaintiff was not required . . . to remain docile . . . and, in view of the circumstances, was justified in attempting to escape from the crushing weight of the defendant. In effect it has been found that the privilege or indul-

gence in the exercise of the defendant's discretion terminated and that there was an excess of restraint imposed.

This court cannot find a conclusion of the Superior Court erroneous in law, unless it violates "some rule or principle of law, or is in conflict with the rules of logic and reason, or is contrary to, or inconsistent with, the subordinate facts." *Hayward* v. *Plant,* 98 Conn. 374, 379, 119 Atl. 341. Also see *Drouin* v. *Chelsea Silk Co.,* 122 Conn. 129, 131, 187 Atl. 904; *Mulligan* v. *Oakes,* 128 Conn. 488, 490, 23 Atl. (2d) 870; *Davis* v. *Goldie Motors, Inc.,* 129 Conn. 240, 241, 27 Atl. (2d) 164. The court recognized and applied the appropriate principles of law. Nor may we say that its conclusion upon the facts is illogical or unreasonable.

There is no error.

In this opinion MALTBIE, C. J., ELLS and DICKENSON, Js., concurred.

BROWN, J. (dissenting). I am unable to agree with the conclusion of the majority. The opinion adopts the rule that, in determining whether punishment inflicted by a teacher is reasonable, "considerable allowance should be made to the teacher by way of protecting him in the exercise of his discretion. Especially should he have this indulgence when he appears to have acted from good motives and not from anger or malice. Hence the teacher is not to be held liable on the ground of excess of punishment, unless the punishment is *clearly* excessive and would be held so in the general judgment of reasonable men. . . . But if there is any reasonable doubt whether the punishment was excessive, the master should have the benefit of the doubt." This principle, applicable where a teacher deliberately and intentionally inflicts corporal

punishment, a fortiori controls when, as here, only an unintentional injury incident to the use of physical restraint essential to discipline is in question. See *Peck* v. *Smith*, 41 Conn. 442, 446. It is my conception that the above test, which excuses a teacher from liability "if there is any reasonable doubt" that the force used was excessive, is one to be applied not only by the trial court in passing upon the evidence but by this court as well in testing the sufficiency of the trial court's finding.

The opinion fails to mention these further facts appearing from the finding and material in determining the reasonableness of the defendant's conduct under the above rule: The plaintiff's defiance of Mrs. Taylor and of the defendant occurred within either the presence or hearing of twenty-five pupils. The defendant throughout had only his right hand with which to control the plaintiff, his hat and the strap being in his left. He pushed the plaintiff to the floor just as they were arriving at the top of the stairway, and as the defendant there knelt upon him with one knee the plaintiff's fourteen-year-old brother approached, who, when ordered by the defendant to go to his room, retorted: "Why should I?" It was subsequent to this and to restrain the plaintiff's continuing efforts to escape that the defendant changed to a sitting posture. Notwithstanding the aggravation and the potential danger to the defendant implicit in the situation, there is no finding of either anger, malice or improper motive upon his part. A skin abrasion about the size of a thumbnail was the only external evidence of injury to the plaintiff. Had this not been sustained the defendant's kneeling and sitting upon the plaintiff would not have caused osteomyelitis. X-rays of his back were negative and there were no pathological changes in his abdomen.

There are two facts shown by the finding of particular significance in determining whether under the rule it is sufficient to sustain the conclusion that the defendant used excessive or unreasonable force. One is the lack of opportunity for deliberation by reason of the emergency which confronted him, and the other is that, whatever the force applied by him, it caused per se no injury to the plaintiff. The facts indicate that upon arriving at the stairway the plaintiff's resistance and attempts to injure the defendant had reached a stage which not only required either use of more effective means of control or abandonment of the discipline proposed but also rendered instant decision and action by the defendant essential. Resort to the kneeling and sitting complained of immediately ensued. There is no finding that the defendant used any violence, that he applied the whole or any considerable part of his weight to the plaintiff or of how long any weight at all was applied, or even whether in sitting upon him the defendant occupied a position astride, which would not only suggest a capacity more easily to control the plaintiff without the application of his weight but also opportunity to sustain this upon his own knees and feet. It may well be doubted whether the facts, without more, that the defendant assumed the postures of kneeling and then sitting upon the plaintiff and that in the process he brought some of the weight of his own body to bear in attempting to control him, would be sufficient to warrant the conclusion that unreasonable force was used. Be this as it may, whatever the weight or force applied to the plaintiff it caused no external injury or indication of injury, though the plaintiff's efforts to escape did result in the abrasion on his shoulder. While there are facts found which might support the inference that the plaintiff's lower back was strained or injured to some extent

during his melee with the defendant, either as a result
of the force which the defendant applied to him or of
his own frantic efforts to escape, or both, and so might
have supported a finding by the court determining
which was the fact, in the absence of such finding no
force employed by the defendant is shown either to
have injured the plaintiff or to have been sufficient to
terminate the defendant's privilege as teacher. Nor in
my judgment can it properly be held that the lone
reference in the conclusion quoted in the opinion to
"the crushing weight of the defendant" is sufficient
to obviate this fundamental deficiency in the finding
and establish these facts beyond a "reasonable doubt."
The facts found are therefore incapable of supporting
the judgment.

The rule quoted in the opinion was originally enun-
ciated by the Vermont court in 1859. There probably
was good reason for it then. There can be no doubt
that there is today, when the all too common lack of
respect for authority and disdain for discipline among
school children are a matter of both common and
judicial knowledge. In view of these conditions in
particular, public school teachers are entitled to the
fullest protection which this rule affords. It is my con-
clusion that under it, upon this record, the defendant
is entitled to relief from this judgment, that there was
error and that a new trial should be ordered.