DOMINIC ANDREOZZI *v.* LOUIS RUBANO

BALDWIN, DALY, KING, MURPHY and MELLITZ, Js.

Argued April 2—decided April 29, 1958

*Anthony E. Grillo,* for the appellant (plaintiff).

*John N. Reynolds,* with whom were *Frank J. Kinney, Jr.,* and, on the brief, *Edward M. Reynolds,* for the appellee (defendant).

BALDWIN, J. The plaintiff, a pupil in the Fair Haven Junior High School in New Haven, brought this action by his father as next friend to recover damages for personal injuries which he alleged he had suffered from an assault and battery by the defendant, a teacher in the school.

The plaintiff seeks to correct the finding by striking out seven of the thirteen paragraphs of subordinate facts and substituting substantially all of his draft finding. We cannot retry the case. The finding of subordinate facts lacks clarity, however, and

we can resort to the memorandum of decision and to the evidence printed in the appendices to gain a clearer understanding of the scope of the inquiry at the trial and the basis of the decision. *Kriedel* v. *Krampitz,* 137 Conn. 532, 535, 79 A.2d 181; *State* v. *Luria,* 100 Conn. 207, 212, 123 A. 378; Maltbie, Conn. App. Proc., §§ 131, 152. On December 22, 1953, the defendant was in charge of the so-called detention room in the school. The plaintiff, a boy fifteen years of age, was, with other pupils, committed to his charge. The plaintiff was an unruly pupil and created a disturbance. The defendant took him by the arm, intending to lead him from the room, but the plaintiff pulled his arm away and became loud and profane. The defendant escorted him from the room in order to talk to him privately. When they had reached a place away from other pupils, the plaintiff clenched his fists, assumed a belligerent attitude, and uttered a vulgar remark to the defendant. The defendant, believing that the plaintiff intended to strike him, slapped the plaintiff across the face with the back of his hand. As the teacher in charge of the detention room, the defendant was under a duty to maintain order. The trial court concluded, in effect, that the defendant did no more than was reasonably necessary to restrain the plaintiff's threatened violence and to maintain discipline.

A teacher stands in loco parentis toward a pupil. He must maintain discipline, and if a pupil disobeys his orders it is his duty to use reasonable means to compel compliance. *Sheehan* v. *Sturges,* 53 Conn. 481, 483, 2 A. 841; *Conley* v. *Board of Education,* 143 Conn. 488, 497, 123 A.2d 747. Whether the means taken by a teacher to enforce discipline are reasonable presents a question of fact under all the circumstances. *Calway* v. *Williamson,* 130 Conn. 575, 580,

36 A.2d 377; *Sheehan* v. *Sturges,* supra, 482. The plaintiff claims that the defendant in punishing him violated a rule of the New Haven board of education that corporal punishment can be inflicted only by the principal of a school in the presence of a teacher. The plaintiff assigns error because the fact that there was such a rule was not included in the finding. This was apparently an admitted and undisputed fact, but the refusal of the trial court to include it in the finding cannot affect the result. The defendant acted, not for the purpose of inflicting punishment, but to restore order and discipline. It is manifest from all the facts and circumstances that unless the defendant had taken prompt and effective action in the face of the plaintiff's sudden and violent outburst, he would have been humiliated in the eyes of his pupils and the order and discipline of the school would have been seriously affected. In such a situation, the same rule of reasonableness governing the conduct of a teacher applies. *Calway* v. *Williamson,* supra. It cannot be said that the action taken by the defendant was unreasonable or improper as a matter of law.

The plaintiff claims error in rulings on evidence. In discussing these, we must first dispose of the plaintiff's assignment of error directed to the failure of the court to incorporate in the finding any information relating to these rulings. The plaintiff had included requested findings relating thereto in his draft finding. It was the obvious duty of the court to make a finding presenting the rulings. Practice Book § 405. Accordingly, the paragraphs in the plaintiff's draft finding concerning the rulings on evidence, corrected to conform to the evidence properly before us, are made a part of the finding. There was testimony pertaining to the plaintiff's poor grades as a student,

his difficulties with another teacher, and occasions when he had been reprimanded. The plaintiff objected to it as being irrelevant. This testimony was elicited from the plaintiff on cross-examination. It was one of his main contentions that the conduct of the defendant was unjustifiable. On this issue the temper, character and past conduct of the plaintiff in school, if known to the defendant, were clearly relevant. *Sheehan* v. *Sturges,* 53 Conn. 481, 484, 2 A. 841. The guidance director of the school offered a written record which she had made of the plaintiff's school activity and of incidents pertaining to his misbehavior in the past. The plaintiff objected to the offer on the ground that the record was incompetent and irrelevant. It was clearly relevant. The objection that the evidence was incompetent, without stating why, was, on the situation confronting the court, altogether too general to warrant consideration on appeal. See *McCarthy* v. *Maxon,* 134 Conn. 170, 173, 55 A.2d 912; Practice Book § 155. The defendant was asked if he had had conversations with other teachers about the plaintiff's temper, manners and demeanor. The court allowed the question, but the answer was not responsive, the defendant stating that the plaintiff had no respect for teachers generally. An exception was taken, but no motion to strike the answer was made. The ruling was correct because the question called simply for an answer, yes or no. If the plaintiff desired to have the answer stricken, he should have made a motion to that effect on the ground that it was not responsive. No error can be based upon the court's ruling.

There is no error.

In this opinion the other judges concurred.