KENNETH SANSONE *v.* FRED BECHTEL

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and PARSKEY, Js.

Argued November 6, 1979—decision released March 18, 1980

*Serge G. Mihaly,* with whom, on the brief, was *Gary W. Nicholson,* for the appellant (defendant).

*Roger Sullivan,* for the appellee (plaintiff).

PARSKEY, J. The single issue raised by this appeal is whether a public school teacher who inflicts exces-

sive corporal punishment upon a pupil is immunized from liability. The trial court's resolution of this issue against the teacher generated this appeal.

The defendant is a music teacher at the Jared Eliot School in Clinton. The plaintiff, Kenneth Sansone, twelve years of age, was a student in the defendant's class. One day Kenneth and three other boys were misbehaving in class by interposing improvised sounds in a song which the class was supposed to sing in unison. Before this event Kenneth had never been a disciplinary problem in the defendant's class. At the disruption the defendant did not caution Kenneth or speak to him about his conduct but instead grabbed him by the arm and projected him from his chair into a movable chalk board. He then took Kenneth into the corridor where he grabbed the boy's arm and swung him against a wall. Kenneth was neither engaging in any tumultuous behavior nor threatening the defendant or any other person. He was not struggling nor did he offer any physical resistance to the defendant's forceful discipline. As a result of the defendant's conduct Kenneth sustained a displaced fracture of the clavicle. In his complaint the plaintiff charged the defendant, inter alia, with causing personal injuries as a result of excessive punishment.

I

The defendant claims the immunity of a public officer in the performance of discretionary duties. He asserts that such persons are not subject to liability for common-law negligence and that the plaintiff's complaint is based solely on such negligence. He concedes, as he must, that teachers have been held liable, under a complaint for assault and bat-

tery, for inflicting excessive punishment on a pupil; *Calway* v. *Williamson,* 130 Conn. 575, 579, 36 A.2d 377 (1944); but contends that since the plaintiff chose to bring an action in common-law negligence he either recovers on that ground or else he cannot recover at all.

The defendant cites no direct authority for the proposition that, in Connecticut, teachers enjoy the immunity conferred upon public officers. We have stated that "[a] teacher is not an officer in the ordinary sense of the word." *Seymour* v. *Over-River School District,* 53 Conn. 502, 509, 3 A. 552 (1886). Rather, teachers are employees of the board of education. General Statutes §§ 10-151 (a) and (c), 10-220 and 10-235. See *Wallingford* v. *Board of Education,* 152 Conn. 568, 573, 210 A.2d 446 (1965).

Although not entitled to assert the governmental immunity that extends to public officers, teachers are accorded certain legal protection in their administration of discipline. A teacher is a surrogate parent to his pupils. *Andreozzi* v. *Rubano,* 145 Conn. 280, 282, 141 A.2d 639 (1958). This relationship imposes upon him a duty to maintain discipline in his classroom. *Conley* v. *Board of Education,* 143 Conn. 488, 497, 123 A.2d 747 (1956). In discharging this duty the teacher is authorized to use reasonable means to compel a disobedient pupil to comply with his orders; *Andreozzi* v. *Rubano,* supra; *Sheehan* v. *Sturges,* 53 Conn. 481, 483, 2 A. 841 (1885); including the use of corporal punishment. In evaluating the necessity and extent of punishment considerable allowance should be made to the teacher to protect him in the exercise of his discretion. *Calway* v. *Williamson,* 130 Conn. 575, 579, 36 A.2d 377 (1944). He will, therefore, not be held

liable unless the punishment inflicted is clearly excessive. Id., 580. The power to punish, however, does not include punishment which is disproportionate to the offense, unnecessarily degrading or likely to cause serious or permanent harm. Restatement (Second), Torts § 150, comments d and e. Furthermore, whether a particular punishment exceeds the ambit of the teacher's disciplinary authority ordinarily presents a pure question of fact for the trier. *Calway* v. *Williamson,* supra, 580; *Sheehan* v. *Sturges,* supra, 482.

The complaint as particularized charged the defendant with a negligent assault and battery. We have long adhered to the rule that "an unintentional trespass to the person, or assault and battery, if it be the direct and immediate consequence of a force exerted by the defendant wantonly, or imposed without the exercise by him of due care, would make him liable for resulting injury. *Welch* v. *Durand,* 36 Conn. 182, 185." *Lentine* v. *McAvoy,* 105 Conn. 528, 530–31, 136 A. 76 (1927); *Russo* v. *Porga,* 141 Conn. 706, 708–709, 109 A.2d 585 (1954). This principle has been applied to the case of an unintended injury incident to disciplinary action taken by a teacher. *Calway* v. *Williamson,* supra, 582 (*Brown, J.,* dissenting opinion). See also *Swainbank* v. *Coombs,* 19 Conn. Sup. 391, 392–93, 115 A.2d 468 (1955). It is also applicable to the facts of the present case.

Even if we view the finding as supporting an intentional rather than a negligent injury, the judgment can still be supported. There is nothing in the record before us to suggest that the defendant objected to the evidence of excessive corporal punishment. If the defendant believed that the evidence

would support an intentional but not a negligent act, then it was incumbent upon him to object to it insofar as it tended to prove conduct not alleged in the complaint. His failure to do so constituted a waiver of any variance between the pleadings and the proof. *Bronson & Townsend Co.* v. *Battistoni,* 167 Conn. 321, 326, 355 A.2d 299 (1974); *Buol Machine Co.* v. *Buckens,* 146 Conn. 639, 642, 153 A.2d 826 (1959); *Winsor* v. *Hawkins,* 130 Conn. 669, 670, 37 A.2d 222 (1940).

## II

Finally, we consider whether the defendant is immune from liability under the provisions of General Statutes § 4-165. This statute is part of chapter 53 which covers claims against the state. "The manifest legislative intent expressed by chapter 53 is that an employee is immune where and because the state may be sued, and that the state may be sued in instances where a private person would be liable." *Spring* v. *Constantino,* 168 Conn. 563, 571, 362 A.2d 871 (1975). Under § 4-141 a "state employee" is defined to include every person employed in any office, position or post in the state government. A school teacher does not come within this definition. Although a town board of education is an agent of the state when carrying out the interests of the state, its members are not state but town officers. *Cheney* v. *Strasburger,* 168 Conn. 135, 141, 357 A.2d 905 (1975).

Similarly, teachers as employees of a town board of education are also not employed in the state government. There is nothing in the language of chapter 53 or in its legislative history to suggest that the state was to assume financial responsibility for the conduct of teachers and members of local

boards of education. Giving chapter 53 the strict construction which any statute in derogation of the principle of sovereignty must be given; *Spring* v. *Constantino,* supra, 570; we hold that this chapter in general and § 4-165[1] in particular do not apply to teachers in local school systems.

There is no error.

In this opinion the other judges concurred.

---

[1] "[General Statutes] Sec. 4-165 [then in force]. IMMUNITY OF STATE OFFICERS AND EMPLOYEES FROM PERSONAL LIABILITY. No state officer or employee shall be personally liable for damage or injury, not wanton or wilful, caused in the performance of his duties and within the scope of his employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter. . . ."