[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is defendants' Motion for Summary Judgment.
On September 20, 1994, the plaintiff, Joseph Bilides, a minor, and Philip Bilides, parent and next friend, filed a four count complaint against the defendants, Town of East Haven, East Haven Board of Education, and Marie Schoen. The plaintiffs seek to recover damages for injuries the minor sustained upon falling from outdoor playground equipment during recess while attending public school in East Haven. The first and second counts of the plaintiffs' complaint allege that the Town of East Haven and the East Haven Board of Education negligently failed to provide a safe surface under the playground equipment, failed to inspect and remedy the existing conditions, and failed to adequately supervise the minor. In the third count, the plaintiffs allege that Marie Schoen, the minor's teacher and an employee of the other defendants, negligently failed to supervise the minor who was then four years old. The fourth and final count alleges that Philip Bilides, the minor's father, "has incurred and will incur CT Page 4332-KK medical and surgical treatment expenses."
In their answer filed on November 29, 1994, the defendants denied the plaintiffs' allegations of negligence and interposed four special defenses based on failure to state a claim upon which relief may be granted, General Statutes § 52-557g, governmental immunity, and comparative negligence. The plaintiffs filed a reply to the special defenses on December 23, 1994, denying the allegations in each of the defendants' four special defenses.
On September 28, 1995, the defendants filed a motion for summary judgment as to all counts based on the Recreational Land Use Act, General Statutes § 52-557f et seq., and the doctrine of governmental immunity. In support of this motion, the defendants submitted affidavits from the principal of the school at which Joseph was injured, the Town Engineer for the Town of East Haven, the East Haven Superintendent of Schools, and Marie Schoen. The plaintiffs submitted no affidavits or other evidence with their "Objection to Defendants' Motion for Summary Judgment".[1] On November 16, 1995, the defendants filed a reply memorandum, and subsequently filed a supplemental memorandum on December 12, 1995.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185,202.
Two of the defendants, the Town of East Haven and the East Haven Board of Education, move for summary judgment on the ground that the doctrine of governmental immunity bars the plaintiffs' suit. According to the town and board of education, "governmental immunity bars the plaintiffs . . . from asserting a claim against the Town and Board of Education for negligence, as every act alleged by the plaintiffs in their Complaint involves the CT Page 4332-LL exercise of discretion." The town and the board maintain that allegations concerning the failure to provide a safe and proper surface and allegations regarding negligent inspection involve discretionary acts. They further contend that they "had no duty to supervise the minor plaintiff."
With respect to the issue of governmental immunity, the plaintiffs claim that "[m]unicipalities, Boards of Education and teachers employed by Boards of Education are not entitled to the defense of governmental immunity. . . ." The plaintiffs concede, however, that the defendants may be entitled to "conditional immunity" if, following a hearing, the court determines that the alleged duties are discretionary rather than ministerial.
The defendants respond that they are moving for summary judgment on the ground "that they had no duty as they are insulated from liability" by both the recreational immunity statute and the doctrine of governmental immunity. They maintain that although the question of whether a duty has been breached is a question of fact, the question of whether a duty exists is a question of law for the court, properly addressed on a motion for; summary judgment. Furthermore, the defendants contend that the Connecticut Supreme Court "has clearly held that both municipalities and municipal boards of education are entitled to governmental immunity."
"A municipality's potential liability for its tortious acts is limited by the common law principle of governmental immunity."Heigl v. Board of Education, 218 Conn. 1, 4. Although municipalities are generally immune from liability in tort, "where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm," the doctrine of governmental immunity does not serve as a defense. Burns v. Boardof Education, 228 Conn. 640, 645. "We have construed this exception to apply not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims." Id., 646.
In Burns v. Board of Education, the plaintiffs sought to recover from the defendants, the city of Stamford and its board of education and superintendent of schools, for personal injuries sustained by the named plaintiff, a school child, when he fell during school hours on an icy courtyard of the school he attended. "In delineating the scope of a foreseeable class of CT Page 4332-MM victims exception to governmental immunity, our courts have considered numerous criteria, including the immanency of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim." Id., 647. Applying the above factors to the circumstances in Burns v. Board of Education, the court concluded that "the plaintiff school child was one of a class of foreseeable victims to whom the superintendent owed a duty of protection in relation to the maintenance and safety of the school grounds, and accordingly governmental immunity is no defense." Id., 650.
In reaching this conclusion, the court noted "that statutory and constitutional mandates demonstrate that school children attending public schools during school hours are intended to be the beneficiaries of certain duties of care. Statutes describe the responsibilities of school boards and superintendents to maintain and care for property used for school purposes." Id., 648. "Statutes also describe the responsibilities of school children to attend school. The presence of the plaintiff child on the school premises where he was injured was not voluntary." Id., 649. The court concluded that "[t]he result of this network of statutory and constitutional provisions is that the superintendent of schools bears the responsibility for failing to act to prevent the risk of imminent harm to school children as an identifiable class of beneficiaries of his statutory duty of care." Id. Therefore, "[a]t least during school hours on school days, when parents are statutorily compelled to relinquish protective custody of their children to a school board and its employees, the superintendent has the duty to protect the pupils in the board's custody from dangers that may reasonably be anticipated." Id. Accordingly, the court held that governmental immunity was no defense. Id., 650.
"A teacher stands in loco parentis toward a pupil." Andreozziv. Rubano, 145 Conn. 280, 282. In the present case, the minor plaintiff's parents "relinquish[ed] protective custody of their child to a school board and its employees." Burns v. Board ofEducation, supra, 228 Conn. 649. In the first count, which is directed at the Town of East Haven, the plaintiffs allege that the minor plaintiff, while participating in a structured and supervised recess during school hours, was injured when he fell from the school's playground equipment onto the gravel surface below. The plaintiffs further allege that the minor plaintiff's injuries were caused by the defendants' negligence in failing "to CT Page 4332-NN provide a safe and proper surface" under the playground equipment when they knew or should have known, in the exercise of reasonable care, "that unsafe and dangerous conditions existed." Complaint, First Count, ¶ 6. Count two, which is directed at the East Haven Board of Education, sets forth the same allegations against the board, and further alleges that the board "is charged with the proper care and maintenance of schools and school grounds" and with the "reasonable care, supervision, and well-being of the students. . . ." Complaint, Count Two, ¶ 1. Based on these allegations, "the plaintiff school child was one of a class of foreseeable victims to whom the [defendants] owed a duty of protection in relation to the maintenance and safety of the school grounds, and accordingly governmental immunity is no defense." Burns v. Board of Education, supra, 228 Conn. 650. A genuine issue of material fact exists as to whether the defendants breached this duty and, therefore, that the defendants' motion for summary judgment should be denied.
The defendants also move for summary judgment on the ground that all the defendants are immune from liability pursuant to General Statutes § 52-557g.[2] The plaintiffs argue that the minor plaintiff, as a pupil in the East Haven School system, was on the defendants' property for educational purposes rather than for recreational purposes and, therefore, that recreational use immunity has no application to the facts of this case. This court agrees.
The purpose of § 52-557g is "to satisfy the public's need for recreational and open space by encouraging private land owners . . . to open their land to public use." Genco v.Connecticut Light Power Co., 7 Conn. App. 164, 168-69. Section52-557g "applies to all land owners — municipal and private" — and includes municipal employees. Manning v. Barenz, 221 Conn. 256,260-62, 603 A.2d 399 (1992). Both the town and the board are owners under the statute. Scrapchansky v. Plainfield, 226 Conn. 446,451 n. 2. The term "recreational purpose" has been determined to include activities that are "universally recognized as recreational." Scrapchansky v. Plainfield, supra, 456.
In this case the minor was on school premises for educational purposes at the time of the alleged incident. Section 52-557g has no application to this case; rather the rationale and holdings inBurns v. Board of Education, supra, control in this case. As the Connecticut Supreme Court has noted, "statutory and constitutional mandates demonstrate that school children CT Page 4332-OO attending public schools during school hours are intended to be the beneficiaries of certain duties of care." Burns v. Board ofEducation, supra, 228 Conn. 648. Further, "our case law . . . has traditionally recognized that children require special consideration when dangerous conditions are involved." Id., 650.
"The existence of a duty is a question of law and [o]nly if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 384. General Statutes § 52-557g (a) provides in pertinent part: "an owner of land who makes all or any part of the land available to the public without charge . . . for recreational purposes owes no duty of care to keep the land . . . safe for entry or use by others for recreational purposes. . . ." Nevertheless, "[a]t least during school hours on school days, when parents . . . relinquish protective custody of their children to a school board and its employees, thesuperintendent has the duty to protect the pupils in the board'scustody from dangers that may reasonably be anticipated." (Emphasis added.) Burns v. Board of Education, supra, 228 Conn. 649.
Unlike Conway v. Wilton, 39 Conn. App. 280, cert. granted,235 Conn. 934, (1995), and other cases cited by the defendants, the minor plaintiff in the present case was injured on school premises during the school day and while he was in the custody of the board of education and its employees. Under these circumstances, "the plaintiff school child was one of a class of foreseeable victims to whom the [defendants] owed a duty ofprotection in relation to the maintenance and safety of theschool grounds." Id., 650. A genuine issue of material fact exists as to whether the defendants breached this duty and, the defendants' motion for summary judgment should be denied.
Accordingly, the motion for summary judgment is denied.