[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed June 11, 1997
The plaintiff's move to strike the defendant's second special defense as legally insufficient. In this action the plaintiff's claim that the defendant was a guidance counselor at Branford Intermediate School who negligently caused injuries to the minor plaintiff. In her second special defense, the defendant alleges the following:
 The defendant Beatrice Brown, as a municipal official and employee of the Branford Board of Education, is immune from liability because she was engaged in discretionary activities, as opposed to ministerial activities, at all times relevant to the claims made by the plaintiff's herein.
The plaintiff's argue that this defense is legally insufficient because under Connecticut law the defendant is not a municipal CT Page 7018 official but an employee of the Board of Education not entitled to governmental immunity. The parties agree that the defendant guidance counselor is a teacher.
A motion to strike challenges the legal sufficiency of a pleading. P.B. § 152. "Like the demurrer it admits all facts
well pleaded." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). Further, the facts as pleaded in the complaint must be construed most favorably towards the plaintiff. Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170 (1988). Accordingly; if the facts provable under the allegations support a cause of action, the motion must fail.
In asserting that the defendant is not entitled to governmental immunity as an employee of the Board of Education, the plaintiff's rely on Sansone v. Bechtel, 180 Conn. 96 (1980). In Sansone, the court affirmed a judgment in favor of a pupil against a teacher for unintentional assault and battery. Issues of governmental immunity and immunity under § 4-165 or sovereignty immunity were raised. As to the issue of governmental immunity, the court noted that teachers are employees of the board of education and not public officers. Sansone,180 Conn. at 98 ("although not entitled to assert the governmental immunity that extends to public officers, teachers are accorded certain legal protection in their administration of discipline.") The court did not address the issue of whether a teacher was an employee of the town. As to the issue of sovereignty immunity under § 4-165, the court held that, since teachers as employees of the local board of education are not state employees, they are not entitled to enjoy this immunity.180 Conn. at 100.
The defendant relies on Cheshire v. McKenney, 182 Conn. 253
(1980) and Board of Education v. State Employees RetirementCommission, 210 Conn. 531 (1989) for the proposition that she is an employee of the town and is therefore protected under the common law doctrine of governmental immunity. In Board ofEducation v. State Employees Retirement Commission, 210 Conn. 531
(1989), decided some eight years after Sansone, the court interpreted Sansone as deciding the sole issue of "whether the teacher was a `state employee' for purposes of General Statutes § 4-165, which grants state officers and employees immunity from personal liability." Board of Education, supra,210 Conn. at 543-544 [Emphasis added]. It then went on to address the issue not addressed in Sansone to find that teachers are also employees CT Page 7019 of the towns they serve, citing Cheshire v. McKenney,182 Conn. 253 (1980). The plaintiff's argue that this court should not rely on either the Cheshire or Board of Education cases because they are inapplicable on their facts. Both Board of Education andCheshire interpret and distinguish Sansone, which the plaintiff's rely on as the leading case to support their motion to strike; both cases address the issue raised in this motion. Accordingly, the court does find them applicable to this motion. Because of these decisions, this court cannot say as a matter of law that the defendant does not enjoy that immunity afforded a town employee. Evon v. Andrews, 211 Conn. 501, 505 (1989).
In light of the above and applying the rule that when considering a motion to strike the court is to view the pleadings most favorably to the pleader, the court denies the motion to strike.
DiPentima, J.