[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE COUNTS ONE, TWO AND FOUR CT Page 7006
This is an action in four counts seeking to recover damages for personal injuries suffered by a patient at a hospital as the result of a sexual assault by the defendant Sullivan, a nurse employed at the hospital.
The hospital moves to strike Counts One, Two and Four.
 I.
Count One, sounding in assault and battery and Count Two, sounding in intentional infliction of emotional distress seek to hold the hospital liable on the theory of respondeat superior in that Sullivan was "employed by Hartford Hospital as a nurse and acting within the scope of such employment."
It is manifest that the alleged actions of Sullivan, a nurse, were so clearly outside the scope of his employment and not in furtherance of any interest of the hospital, that the allegations seeking to hold the hospital liable are insufficient as a matter of law. Brown v. Housing Authority, 23 Conn. App. 624,628 (1990) Gutievrez v. Thorne, 13 Conn. App. 493, 498-500
(1988).
 II.
Count Four alleges that the hospital breached its statutory duty under Sec. 17-206(c) Conn. General Statutes "in that it failed to protect plaintiff's personal dignity, right to privacy and humane treatment."
Sec. 17-206(c), now Sec. 17a-542, provides:
 Every patient treated in any facility for treatment of the mentally disordered shall receive humane and dignified treatment at all times, with full respect for his personal dignity and right to privacy. Each patient shall be treated in accordance with a specialized treatment plan suited to his disorder. Such treatment plan shall include a discharge plan which shall include, but not limited to, (1) reasonable notice to the patient of his impending discharge, (2) active participation by the patient in planning for his discharge and (3) planning for appropriate after-care CT Page 7007 to the patient upon his discharge.
Our Supreme Court in Mahoney v. Lensink, 213 Conn. 548
(1990) at page 563 described a claim under this statute for deprivation of the right to "humane and dignified treatment" as creating "a new tort liability unknown to the common law." We read this decision as validating this new tort liability quite aside from the requirement of treating the patient in accordance with a specialized treatment plan. We cannot conclude, therefore, that count four is insufficient as a matter of law because plaintiff failed to allege the absence of a specialized treatment plan.
Motion to strike Counts One and Two granted. Motion to strike Count Four denied.
Wagner, J.