[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
This is a negligence action in which plaintiffs Ashley Grimes, a minor ("Ashley"), and Melanie Grimes, Ashley's mother and best friend, seek recovery from the defendants for personal injuries allegedly sustained by Ashley while she was a fifth grade student at the Center School in Old Lyme. The defendants are Steven Houser ("Houser"), a teacher, Regional School District #18 Board of Education ("Board"), individual members of the Board ("members"), Adam Burrows ("Burrows"), a principal, and the Town of Old Lyme ("Town"). The defendants have moved for summary judgment on the plaintiffs' complaint.
The plaintiffs allege in a five count complaint that on May 23, 1989, Houser, a music teacher at the school which Ashley attended, asked Ashley and several other students to assist him in moving an upright piano and that, while the students were in the act of moving the piano, the piano fell off its dolly, causing injuries to Ashley's knee.
The defendants have moved for summary judgment on all five counts on the ground that the plaintiffs' cause of action is barred by the doctrines of sovereign immunity and/or governmental immunity.
Pursuant to Practice Book 384, summary judgment is appropriate where the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified CT Page 7688 transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book 380. "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Practice Book 381.
Historically, in Connecticut, a municipality itself was generally immune from liability for its tortious acts at common law, but its employees faced the same personal tort liability as private individuals. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 165 (1988). In Gordon, the court reiterated its adherence to the "public duty doctrine," which furnishes the starting point in an analysis of municipal liability. Id., 170. The court stated at page 166:
 "`[I]f the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be redressed if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it or to perform it properly, is an individual wrong, and may support an individual action for damages.'"
However, even after a duty has been characterized as either public or private, the issue of whether an act is ministerial or discretionary will often control without regard to whether the duty is ascertained to be public or private. Id. The Gordon court differentiated between a ministerial act and a discretionary act as follows:
 "A municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in CT Page 7689 nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action."
Id., 167-68.
 In addition, a municipal employee has a qualified determination by that official as to the existence of a state of facts. Although the determination itself involves the exercise of judgment, and therefore is not a ministerial act, the duty of giving effect, by taking appropriate action to the determination is often ministerial.
(Citations omitted.)
Whether the act complained of is ministerial or discretionary is a factual question which depends on the nature of the particular act. Gauvin v. New Haven, 187 Conn. 180,186 (1982). However, Connecticut appellate courts have "approved the practice of deciding the issue of governmental immunity as a matter of law." Kolaniak v. Board of Education, 28 Conn. App. 277, 279 (1992).
In Kolaniak, the plaintiff was injured when she fell on a snow-covered walkway on a school's premises. Prior to the onset of winter, the board of education had issued a bulletin to all maintenance personnel that the walkways were to be inspected and cleaned on a daily basis; however, there was no evidence that the walkway had been shoveled, salted or sanded prior to plaintiff's fall. The defendant board argued that the workers had the responsibility of deciding whether there was sufficient accumulation to warrant clearing the walkways and, thus, they were performing a discretionary duty. The court concluded that the "determination as to when to clear a sidewalk . . . is not a discretionary function and that the board's directive to custodians and maintenance workers was clear — "they were to keep the walkways clear of snow and ice." Id., 281. The court refused to "equate the act of clearing snow and ice by maintenance workers, in accordance with a directive by the policymaking board of education, with the policy decisions that are usually CT Page 7690 afforded protection by the doctrine of governmental immunity" and concluded that the trial court had properly determined, as a matter of law, that the maintenance workers were engaged in a ministerial function. Id., 281-82.
Conversely, in Viens v. Graner,9 Conn. L. Rptr. 306 (June 28, 1993, Teller, J.), in the context of a motion to strike, the court concluded that there was an issue of fact as to whether a school principal had a discretionary duty to supervise the dismissal of students at the end of a school day. A student had sustained personal injuries when two other students allegedly ran down a school hallway and crashed into him. The complaint alleged that the defendant principal was negligent by failing to reasonably supervise, monitor or promulgate rules regarding student pedestrian traffic or in failing to proscribe running in the hallways of the school. The court noted that the defendant had failed to demonstrate, as a matter of law, that a principal's actions in supervising student dismissals were discretionary activities and concluded that the plaintiffs had asserted a legally sufficient claim that would "permit proof of facts (if such facts exist)" as to whether the duty was ministerial or discretionary. Id., 308. The court explained that proof that the board of education has issued instructions or administrative orders to the principal "requiring that student dismissals were to be supervised in a certain manner or that regulations regarding running in the halls were to be promulgated, may give rise to such a ministerial duty" and that the "holding in Kolaniak, supra, compels the conclusion that an issue of fact exists as to whether the acts of [the principal] were ministerial or discretionary in nature . . ." Id.
I. Counts One and Four — Steven Houser and Adam Burrows
Preliminarily, the court must address the question of whether Burrows and Houser are employees of the Town for purposes of governmental immunity.
Local boards of education act on the behalf of the municipality in their function of maintaining control over the public schools within the municipality's limits. Cheshire v. McKenney, 182 Conn. 253, 258-59 (1980). "Similarly, teachers as employees of a town board of education are not employed in the state government." Sansone CT Page 7691 v. Betchel [Bechtel], 180 Conn. 96, 100 (1980).
The plaintiffs' allegations against Houser and Burrows are in regard to their actions in maintaining control over a school in the Town. Therefore, to the extent of the plaintiffs' allegations of negligence, Houser and Burrows were acting in their capacity as employees of the Town and not employees of the state. As such, Houser and Burrows may enjoy governmental immunity for their actions.
In count one, the plaintiffs allege that Houser was negligent in the following ways: he failed to properly supervise his students; he failed to instruct or warn Ashley of the hazards of moving the piano; he inappropriately requested Ashley's assistance in conducting a dangerous activity; he failed to issue a policy regarding moving the piano; and he failed to organize the activity in a safe manner. In count four, the plaintiffs reallege the same against Burrows and add that Burrows was negligent in maintaining school equipment as required by General Statutes10-220.
The duties which the plaintiffs allege that Houser and Grimes owed are duties that affect the public generally and are not private or specific duties owed to individuals such as the plaintiffs. Therefore, since the duties in question are public duties, the court must determine whether or not these duties are ministerial or discretionary.
The defendants correctly argue that, as a matter of law, the issuance of policy is a discretionary act for which the defendants enjoy a qualified governmental immunity. Heigl v. Board of Education, 218 Conn. 1, 8 (1991). However, the plaintiffs also raise several other allegations of negligence which may or may not be deemed discretionary as a matter of law. Neither side has attached any documentation that establishes the nature of the duties allegedly imposed upon Houser or Burrows. Cases such as Kolaniak, supra, and Viens, supra, wherein the court considered whether certain acts were ministerial or discretionary as a matter of law were decided on different factual and procedural predicates than the instant case. In Kolaniak, the parties included evidence with the motion for summary judgment as to the nature of the defendants' duties. In Viens, the court was unable to decide the issue as a matter of law because the CT Page 7692 case was before the court on a motion to strike and evidence as to the defendants' duties was not properly considered on a motion to strike. However, the court noted, at page 308, that its holding would:
 permit proof of facts (if such facts exist) establishing that [the school principal] failed to discharge a ministerial function, or even if the duty was discretionary, had a clear and unequivocal duty to act. . . . For example, proof that the Board of Education issued instructions or administrative orders to [the school principal] requiring that student dismissals were to be supervised in a certain manner or that regulations regarding running in the halls were to be promulgated, may give rise to such a ministerial duty.
Therefore, an issue of fact remains as to whether Houser and Burrows were under a discretionary as opposed to ministerial duty to protect the students' safety, to train departmental employees and to provide adequate maintenance personnel. Accordingly, as to counts one and four directed against Houser and Burrows respectively, the court must deny the defendants' motion for summary judgment.
II. Count Two — Individual Members of the Board
In count four, directed only to the members, the plaintiffs allege that the members were negligent in the following ways: They failed to properly supervise students; they failed to instruct or warn Ashley of the hazards of moving the piano; they inappropriately requested Ashley's assistance in conducting a dangerous activity; they failed to issue a policy regarding moving the piano; they failed to organize the activity in a safe manner; and they were negligent in maintaining school equipment as required by General Statutes 10-220.
In Arvoy v. City of Stamford, 2 Conn. L. Rptr. 317
(August 21, 1990, Lewis, J.), the court was presented with the question of whether individual members of a board of education may be liable in a personal injury action as CT Page 7693 distinguished from a board of education of which they are the members. The court held that there is "no authority by which individual members of the board of education can be held liable under these circumstances. The real defendant is the Board of Education,. . ." Id., 318.
The court finds that the members are not proper defendants to this action and, therefore, the court must grant summary judgment on count two directed against the members.
III. Count Three and Count Five — The Board and the Town
Count three is directed only against the Board and it asserts that the Board is liable for the negligence of the individual defendants pursuant to General Statutes 10-235, which provides, in part:
 (a) Each board of education shall protect and save harmless . . . any teacher or other employee thereof or any member of its supervisory or administrative staff . . . from financial loss or expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of alleged negligence or other act resulting in accidental bodily injury to or death of any person . . . within or without the school building, or any other acts . . . which acts are not wanton, reckless or malicious, provided such teacher, member or employee, at the time of the acts resulting in such injury, damage or destruction, was acting in the discharge of his or her duties or within the scope of employment or under the direction of such board of education. . .
Count five is directed only against the Town and it asserts that the Town is liable in indemnification for the actions of its employees, agents or servants pursuant to General Statutes 7-465, which provides, in part:
(a) Any town . . . shall pay on behalf of CT Page 7694 any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for . . . physical damages to person or property, except as hereinafter set forth, if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty.
Inasmuch as the duty of both the Board and the Town to indemnify their employees is derivative of the finding that the employees were negligent and Houser and Burrows may be liable to the plaintiffs, the defendants' motion for summary judgment as to counts three and five must be denied.
IV. Conclusion
For the reasons stated above, the court denies the defendants' motion for summary judgment as to counts one, three, four and five and grants the defendants' motion for summary judgment as to count two.
Hendel, J.