[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
This is a seven count negligence action brought by the plaintiff Christopher C. O'Farrell, a minor acting through his mother and natural guardian, Rebecca O'Farrell, against the defendants Chester Elementary School (Chester Elementary), the Groton Board of Education (Board) and James O'Connor (O'Connor), the vice-principal at Chester Elementary.
The revised complaint alleges that the plaintiff, a third CT Page 8808 grader at Chester Elementary, was walking in a hallway with his classmates following their return from an outdoor recess when he was pushed from behind by a classmate. As a result of the push, the plaintiff fell to the floor and sustained injuries and damages.
The first count of the complaint is against O'Connor and alleges that he was negligent because he failed properly to supervise the students, left them unattended and failed properly to carry out the duties and responsibilities of his office. The second count realleges the facts of the first count and seeks to hold Chester Elementary vicariously liable for the acts and omissions of O'Connor. The third count alleges negligence against Chester Elementary for its failure properly to instruct and/or supervise O'Connor and for its alleged failure to provide adequate supervision for the students in its care. The fourth count against the Board alleges that it was negligent in failing to instruct and supervise O'Connor in proper methods of supervision and for its failure to provide adequate supervision for the students. The fifth count alleges that O'Connor was negligent and careless in that he failed to assign personnel adequate to supervise the students and that he failed to establish policies and procedures for supervision and medical care. The sixth count alleges that Chester Elementary was negligent in not promulgating policies and procedures relevant to student supervision and medical care. The seventh count alleges that the Board was negligent in failing to establish similar policies and procedures.
The defendants separately have moved to strike the relevant counts pled against each, respectively. Chester Elementary, as a municipal entity, moved to strike the second, third and sixth counts on the ground that the acts or omissions complained of are discretionary in nature and are, therefore, protected by the doctrine of governmental immunity. O'Connor likewise raised governmental immunity as a defense claiming that he was a municipal employee performing discretionary acts and, therefore, he seeks to strike the first and fifth counts. Finally, the Board moved to strike the fourth and seventh counts on the ground that the Board is an agent of the state and, therefore, enjoys the protection of sovereign immunity. In the alternative, the Board claims that the acts or omissions alleged are discretionary and are protected by the doctrine of governmental immunity. CT Page 8809
In response, the plaintiff counters that whether the acts complained of are discretionary or ministerial is a question of fact which is inappropriate for the court to decide on a motion to strike.
In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the pleader.Novametrix Medical Systems, Inc. v. BOC Group, Inc.224 Conn. 210, 215 (1992). This includes the facts necessarily implied and fairly provable under the allegations. Westport Bank Trust Co., v. Corcoran, Mallin Aresco, 221 Conn. 490, 495
(1992).
The first and fifth counts of the complaint are directed against O'Connor. The doctrine of governmental immunity, however, is not available to a teacher or a principal of a public school when he or she is performing discretionary functions. See Sansone v. Bechtel, 180 Conn. 96, 98 (1980). Therefore, O'Connor's motion to strike the first and fifth counts of the plaintiff's complaint must be denied.
The second, third and sixth counts are directed against Chester Elementary and the fourth and seventh counts are brought against the Board. Because service of the writ, summons and complaint was to the Board, the court will construe all of the above-referenced counts as against the Board.
As noted, the Board has moved to strike the counts based on the doctrine of sovereign immunity or, in the alternative, the doctrine of governmental immunity. In R.A. Civitello Co.v. New Haven, 6 Conn. App. 212, 218 (1986), the Appellate Court stated:
 The protections offered by the doctrine of sovereign immunity have been extended to agents of the state acting in its behalf. A board of education is an agency of the state in charge of education in a town. Local boards of education are not agents of the state, however, in performing each and every mandated function. Local boards of education act as agents of the state when fulfilling the statutory duties imposed upon them CT Page 8810 by the legislature in light of the state constitutional mandate to furnish public education. Local boards of education also are agents of the towns, subject to the law governing municipalities, when acting on behalf of the municipality in its function of mandating control over the public schools within the municipality's limits.
(Citations omitted; internal quotation marks omitted.)
In determining whether a local school board can raise the doctrine of sovereign immunity, the court must first determine whether the suit "would operate to control or interfere with the activities of the state." Id. The state, in the exercise of its policy to maintain good public schools, has delegated important duties in that field to towns. Cheshire v.McKenney, 182 Conn. 253, 258 (1980). The duty to maintain control of local schools has been statutory delegated to the towns. General Statutes § 10-240.
The counts against the Board and Chester Elementary sound in negligence and generally allege a lack of supervision, lack of proper training, failure to promulgate rules and a failure to promulgate procedures. In performing these duties, the school acts not as an agent of the state, but as an agent of the town. Therefore, the defense of sovereign immunity is inapplicable.
In the alternative, the Board also relies on the doctrine of governmental immunity.
 A municipality is immune from liability for the performance of governmental acts, as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action.
 Gauvin v. New Haven, 187 Conn. 180, 184 (1982).
The issue of whether an act is ministerial or discretionary is generally a question of fact for the fact-finder that does not CT Page 8811 lend itself to resolution by a motion to strike. Hixson v.City of Hartford, 6 CSCR 498 (April 22, 1991, Maloney, J.).
In view of the above, the court finds that the second, third, fourth, sixth and seventh counts properly plead causes of action in negligence. The determination of whether the acts or omissions are discretionary or ministerial must await findings of fact. Therefore, viewing the pleadings in a light most favorable to the pleader, the defendants' motion to strike the second, third, fourth, sixth and seventh counts must be denied.
For the reasons stated above, the defendants' motion to strike the first, second, third, fourth, fifth, sixth and seventh counts of the plaintiff's complaint is denied.
Hendel, J.