[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #101
The plaintiff, Joe Smith, brings this action on behalf of the minor plaintiff, John Doe, against the defendants, Joseph Edwards, the City of Bridgeport, and the Bridgeport Board of Education. In a nineteen count complaint, the plaintiffs allege that the defendant, Joseph Edwards, was employed as a school teacher by the defendants City of Bridgeport and the Bridgeport Board of Education (hereinafter "defendants"). The plaintiffs allege that on or about September of 1990, Edwards engaged in unconsented sexual relations CT Page 1431-QQQ with the minor plaintiff on various dates from 1990 through 1992. In counts one and two, the plaintiffs assert a cause of action for negligence against the defendants. In counts three and nineteen, the plaintiffs contend that the defendants are liable under a respondeat superior or agency theory. In counts fifteen and sixteen, the plaintiffs allege that Edwards is entitled to indemnification from the defendants. In counts seventeen and eighteen, the plaintiffs allege a cause of action for the negligent supervision of defendant Edwards.
On March 16, 1995, the defendants moved to strike counts one through three and counts fifteen through nineteen of the plaintiffs' complaint. On May 26, 1995, the plaintiff filed a reply memorandum in opposition to the defendants' motion to strike.
A motion to strike may be used to test the legal sufficiency of the allegations of a complaint. Practice Book § 152. The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel, 228 Conn. 358,372-73, 636 A.2d 786 (1994). It "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original) Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Novametrix Medical Systems.Inc. v. BOC Group Inc. 224 Conn. 210, 215, 618 A.2d 25 (1992).
Counts One and Two: Negligence
The defendants move to strike counts one and two, in which the plaintiffs allege negligence claims, on the ground that the plaintiffs have failed to set forth a legally recognizable cause of action for which relief may be granted.
"For a cause of action in negligence to exist, there must be a duty upon the defendant . . . . The existence of a duty is a question of law. Only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty . . . ." (Citation omitted; internal quotation marks omitted.)Goldberg v. Josephthal Lyon Ross, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 514864 (March 3, 1994, Sheldon, J.) citing Shore v. Stonington, 187 Conn. 147,151-52, 444 A.2d 1379 (1982). Only if a duty exists does the trier of fact then determine whether the defendant violated that duty. Burns v. Board of Education, 30 Conn. App. 594, 598, 621
CT Page 1431-RRR A.2d 1350 (1993).
Connecticut recognizes the existence of a cause of action for, the negligent hiring of an employee. Rutter v. Harris, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 503195 (July 16, 1992, Wagner, J.,7 Conn. L. Rptr. 117). The supreme court has stated, "In Stiebitz v. Mahony,144 Conn. 443, 447, 143 A.2d 71 (1957), we recognized the existence of an action against a police chief for negligently hiring an unfit police officer, an action independent of the respondeat superior theory of liability. This common law tort is not limited to instances of liability of public officials but extends to any situation where a third party is injured by an employer's own; negligence in failing to select an employee fit or competent to perform the services of employment." Shore v. Stonington, supra,187 Conn. 155.
The plaintiffs allege in count one of their complaint that the defendants were negligent in hiring Edwards because they "knew or should have known that he had been discharged as a teacher with the New Haven Board of Education for failing to have proper teaching certificates and knew or should have known that the defendant, Joseph C. Edwards had a prior criminal record involving crimes of sexual misconduct." (Plaintiffs' Complaint, Count One).
The plaintiffs have sufficiently pleaded a cause of action for, the negligent hiring of an employee. Lane v. Hocursak, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 315466 (March 22, 1995, Maiocco, J.) Thus, viewed in the light most favorable to the pleader, the defendants' motion to strike is denied as to counts one and two.
Counts 3 and 19: Respondeat Superior
The defendants move to strike counts three and nineteen, in which the plaintiffs allege that the defendants are liable for Edwards actions based on a respondeat superior theory, on the grounds that the plaintiffs have failed to allege that the acts committed by defendant Edwards were within the scope of employment and that such acts were in furtherance of the interests of the defendant board of education
"Under the doctrine of respondeat superior, a master is liable for the wilful torts of his servant committed within the scope of the servant's employment and in furtherance of his master's; CT Page 1431-SSS business." Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480,500, 656 A.2d 1009 (1995). "In order to hold an employer liable for the intentional torts of his employee, the employee must be acting within the scope of his employment and in furtherance of the employer's business . . . . But it must be the affairs of the principal, and not solely the affairs of the agent, which are being furthered in order for the doctrine to apply." Id. "Unless the employee was actuated at least in part by a purpose to serve a principal, the principal is not liable." (Citation omitted; internal quotation marks omitted.) Glucksman v. Walters, 38 Conn. App. 140,144, 659 A.2d 1217 (1995).
In counts three and nineteen, the plaintiffs fail to allege that Edward's acts were in furtherance of the defendants' business. Furthermore, "[a]lthough whether a willful tort was done to further the employer's business is ordinarily a factual question, there are situations where digression from duty is so clear cut that it is a matter of law." Curry v. Dubish, Superior Court, judicial district of Waterbury, Docket No. 120728 (March 23, 1995, Flynn, J.). Edward's alleged acts of sexual misconduct with the minor plaintiff are clearly outside the scope of his employment. See Martin v.Plude, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 278393 (March 18, 1994, Maiocco, J.) (where a teacher engaged in unconsented sexual relations with a student, the court held that plaintiff's respondeat superior claim against the board of education was insufficient since the plaintiffs failed to allege that the defendant's acts were performed in furtherance of his employer's business); Maule v. Sullivan, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No 517623, (August 9, 1993, Wagner, J., 8 CSCR 952) (holding that where a patient was sexually assaulted by a nurse at a hospital, the alleged actions of the nurse were so clearly outside the scope of his employment and not in furtherance of any interest of the hospital, that the allegations seeking to hold the hospital liable were insufficient as a matter of law). The defendant's motion to strike is granted as to counts three and nineteen since these counts are legally insufficient.
Counts Fifteen and Sixteen: Indemnification
The defendants move to strike counts fifteen and sixteen, in which the plaintiffs allege that Edwards is entitled to indemnification from the defendants under General Statutes §§ 7-465
and 10-235, on the ground that there is no duty to indemnify in situations where the employee acted wilfully, wantonly or CT Page 1431-TTT criminally. The defendants further contend that the duty to indemnify only arises where the plaintiff sustains physical injuries.
General Statutes § 7-465 provides in relevant part: "Any town, city or borough, . . . shall pay on behalf of any employee of such municipality, . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages . . . for physical damages to person or property, . . . if the employee, at the time of the occurrence, . . . was acting in the performance of his duties and within the scope of his employment, and if such occurrence . . . was not the result of any wilful or wanton act of such employee in the discharge of his duty."
General Statutes § 10-235 provides in pertinent part: "Each board of education shall protect and save harmless . . . any teacher . . . from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of alleged negligence or other act resulting in accidental bodily injury to or death of any person, . . . which acts are not wanton, reckless or malicious, provided such teacher . . . at the time of the acts . . . was acting in the discharge of his or her duties or within the scope of employment . . . .
In this litigation, the plaintiffs have failed to allege facts which would show that Edwards' acts were within the scope of his employment or that the minor plaintiff suffered any physical damages. Furthermore, the plaintiffs allege that the minor plaintiff suffered injuries as a result of Edwards intentional, willful and wanton assault and battery on the minor plaintiff. (Plaintiffs' Complaint, Count Four.) The statutes specifically exclude indemnification for employees who cause damages as a result of any wilful or wanton act. Thus, the defendant's motion to strike counts fifteen and sixteen is granted, as such counts are insufficient at law.
Counts Seventeen and Eighteen: Failure to Supervise
In moving to strike counts seventeen and eighteen, which allege causes of action for negligent supervision, the defendants argue that they are immune from liability pursuant to the doctrines of sovereign and governmental immunity. The defendants further contend that they are immune from liability under the doctrine of in loco parentis. CT Page 1431-UUU
A. Sovereign Immunity
It has been determined that "[a] board of education is an agency of the state in charge of education in a town . . . . Local boards of education are not agents of the state, however, in performing each and every mandated function . . . . Local boards of education act as agents of the state when fulfilling the statutory duties imposed upon them by the legislature . . . ." (Citations omitted.) R.A. Civitello Co. v. New Haven, 6 Conn. App. 212, 218,504 A.2d 542 (1986) citing Cheshire v. McKenney, 182 Conn. 253,257, 438 A.2d 88 (1980).
The supervision of employees is not encompassed within the educational activities of the state. Martin v. Plude, supra, (the court held that the plaintiffs' claims against the Board of Education for negligent supervision of its employee did not pertain to the Board's state delegated function of providing education.) Thus, the defense of sovereign immunity is inapplicable.
B. Governmental Immunity
"A municipality is immune from liability for the performance of governmental acts, as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature . . . . [M]inisterial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." Gauvin v. New Haven, 187 Conn. 180,184, 445 A.2d 1 (1982). In applying the doctrine of governmental immunity, courts have stated that "[t]he issue of whether an act is ministerial or discretionary is generally a question of fact for the fact-finder that does not lend itself to resolution by a motion to strike." O'Farrell v. Claude Chester Elementary School,
Superior Court, judicial district of New London at New London, Docket No. 526692, (August 16, 1995, Hendel, J.); Rosen v. Reale,
Superior Court, judicial district of New London at New London, Docket No. 527510 (January 13, 1994, Hurley, J., 9 CSCR 176).
The court finds that there is a question of whether the defendants' duty to supervise its employees is discretionary or ministerial in nature. Thus, the defendants may not avail themselves of the defense of governmental immunity in support of their motion to strike. CT Page 1431-VVV
C. In Loco Parentis
The supreme court has held that a teacher stands in loco parentis toward a pupil as he is a surrogate parent to his pupils.Sansone v. Bechtel, 180 Conn. 96, 98, 429 A.2d 820 (1980). "This relationship imposes upon [the teacher] a duty to maintain discipline in the classroom . . . In discharging this duty the teacher is authorized to use reasonable means to compel a disobedient pupil to comply with his orders." Id.
The doctrine of in loco parentis is inapplicable in this case as this court has been unable to find any caselaw that recognizes the board of education standing in loco parentis. Furthermore, this case does not deal with a teacher disciplining a disobedient' student.
The defendants are not protected by sovereign or governmental immunity, or the doctrine of loco parentis. Thus, in reading the complaint in the light most favorable to the plaintiffs, the defendants' motion to strike counts seventeen and eighteen are denied.
Accordingly, the defendants' motion to strike is granted as to counts three, fifteen, sixteen, and nineteen, but denied as to counts one, two, seventeen and eighteen.
LAWRENCE L. HAUSER, JUDGE