[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue before this court is the defendants' motion to strike. This negligence action arises out of an alleged physical assault by a student during a math class at New Britain High School on December 7, 1999, and was brought by the alleged victim, the plaintiff, Leonard Ruggiero, III, through the plaintiff, Suzanne Ruggiero, the reputed victim's mother and guardian. The plaintiffs' ten-count complaint, dated December 6, 2001, alleges that the plaintiff suffered injuries and losses caused by the negligence of the defendants: City of New Britain; New Britain Board of Education; The New Britain Superintendent of Schools, James P. Rhinesmith; The Principal of New Britain High School, Daniel Bugnacki and Thomas Tabellione, a teacher at New Britain High School.[1]
On June 21, 2002, the defendants filed a motion to strike the plaintiffs' complaint accompanied by a supporting memorandum of law. On July 15, 2002, the plaintiffs filed a memorandum in opposition. The parties claimed the motion and the opposition on July 11, 2002.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "The role of the trial court [is] to examine the [complaint] . . . to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.)Dodd v. Middlesex Mutual Assurance Company, 242 Conn. 375, 378,698 A.2d 859 (1997). "A determination regarding the legal sufficiency of a claim is . . . a conclusion of law, not a finding of fact." Parsons v.United Technologies Corp. , 243 Conn. 66, 68, 700 A.2d 655 (1997). "[A] question that presents issues of fact . . . transcend[s] the legal sufficiency of the complaint . . ." Vines v. Orchard Hills, Inc.,181 Conn. 501, 504, 435 A.2d 1022 (1980). "It is fundamental that in CT Page 2478-av determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." Gazo v. Stamford,255 Conn. 245, 260, 765 A.2d 505 (2001). "[The court] construe[s] the complaint in the manner most favorable to sustaining its legal sufficiency . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied . . . [The court] assume[s] the truth of both the specific factual allegations and any facts fairly provable thereunder. In doing so, moreover, [the court] read[s] the allegations broadly, rather than narrowly." Macomber v.Travelers Property Casualty Corp. , 261 Conn. 620, 629, 803 A.2d 311
(2002).
The defendants move to strike the plaintiffs' complaint on the grounds (1) that the ten counts of the complaint fail to state a claim as to the defendants on the ground that the defendants are not liable for acts and/or omissions which involve the exercise of judgment or discretion; and (2) that the fifth and tenth counts of the complaint fail to state a claim against the defendant City of New Britain because these two counts allege negligence only against the board of education and not against the City of New Britain. In support of the first ground of their motion, the defendants argue that the alleged negligent acts and/or omissions were public and discretionary in nature and therefore the defendants are not liable pursuant to the doctrine of governmental immunity.
The plaintiffs respond to the defendants' first argument in two ways: (1) that governmental immunity does not apply to claims made against school principals and school teachers and (2) that the plaintiffs have alleged facts that are sufficient to meet the exception to governmental immunity where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm. The plaintiffs respond to the defendants' second argument by arguing that the board of education is the mechanism through which the municipality maintains its schools.
Governmental Immunity
"Notwithstanding the procedural posture of a motion to strike, this court has approved the practice of deciding the issue of governmental immunity as a matter of law." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). "[T]he ultimate determination of whether qualified immunity applies is ordinarily a question of law for the court . . . [unless] there are unresolved factual issues material to the applicability of the defense . . . [where] resolution of those factual issues is properly left to the jury." Purzycki v. Fairfield, CT Page 2478-aw244 Conn. 101, 107-08, 708 A.2d 937 (1998).
As previously noted, the plaintiffs argue that teachers and principals do not enjoy governmental immunity. The plaintiffs base their argument onSansone v. Bechtel, 180 Conn. 96, 429 A.2d 820 (1980), Rosen v. Reale, Superior Court, judicial district of New London, Docket No. 527510 (January 13, 1994, Hurley, J.) (9 C.S.C.R. 176), and Swainbard v. Combs,19 Conn. Sup. 391, 115 A.2d 468 (1955).[2] The court, however, is persuaded by other court decisions that have found that the reliance onSansone v. Bechtel advanced by the plaintiffs is misguided. Such courts recognized that the Supreme Court has interpreted Sansone v. Bechtel to have decided a more limited issue than that which parties such as the plaintiffs herein ascribe to it.
In Doe v. Brown, Superior Court, judicial district of New Haven at Meriden, Docket No. CV 96 0251878 (June 11, 1997, DiPentima, J.) (19 Conn.L.Rptr. 611), the defendant, a teacher alleged to have negligently caused injuries to the minor plaintiff, raised the special defense of governmental immunity because she was engaged in discretionary activities. The plaintiff relied on Sansone v. Bechtel to assert that the defendant was not entitled to governmental immunity as an employee of the board of education. The court, DiPentima, J., recognized that "[i]n Boardof Education v. State Employees Retirement Commission, 210 Conn. 531
[556 A.2d 572] (1989), decided some eight years after Sansone, the court interpreted Sansone as deciding the sole issue of `whether the teacher was a "state employee" for purposes of General Statutes § 4-165, which grants state officers and employees immunity from personal liability' . . . It then went on to address the issue not addressed inSansone to find that teachers are also employees of the towns they serve, citing Cheshire v. McKenney, 182 Conn. 253 [438 A.2d 88] (1980)." (Citation omitted.) Doe v. Brown, supra. Therefore, the court denied the plaintiff's motion to strike the defendant's special defense of governmental immunity. Id.
The plaintiffs in Rheiner, PPA v. Lefevre, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV 94 0541267S (March 12, 1998, Teller, J.) (21 Conn.L.Rptr. 502) also relied on Sansonev. Bechtel and argued that the defendant teacher was not entitled to immunity. The court, Teller, J., identified that: "In a sense, the plaintiffs are correct because there is a difference between sovereign and governmental immunity . . . [The teacher], as a municipal employee, is not entitled to sovereign immunity." The court continued, "[i]n Cheshirev. McKenney, 182 Conn. 253, 260, 438 A.2d 88 (1980), the court distinguished Sansone v. Bechtel, supra, and held that `local boards of education act on behalf of the municipality they serve as well as in CT Page 2478-ax fulfillment of their state mandates and that their professional and nonprofessional employees are employees of the municipality . . .' Therefore, it is evident that [the defendant teacher], as an employee of the municipality, may be entitled to governmental immunity for her actions." Rheiner, PPA v. Lefevre, supra; see also Grimes v. Houser, Superior Court, judicial district of New London, Docket No. 518242 (August 24, 1993, Hendel, J.) (10 Conn.L.Rptr. 14) (relying on Cheshirev. McKenney and Sansone v. Betchel to find that defendants, teacher and principal, are employees of town and, as such, may enjoy governmental immunity).
This court adopts the analysis of Doe v. Brown, supra, Superior Court, Docket No. CV 96 0251878 and Rheiner, PPA v. Lefevre, supra, Superior Court, Docket No. CV 94 0541267 to find that teachers and principals can be considered employees of the towns they serve and therefore enjoy qualified governmental immunity. Thus, in determining the immunity of the defendants in this case, including the teacher and the principal, the court is guided by the well-established doctrine that determines the tort liability of municipal employees: "[A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act." (Internal quotation marks omitted.) Purzycki v.Fairfield, supra, 244 Conn. 107; Burns v. Board of Education,228 Conn. 640, 645, 638 A.2d 1 (1994); Evon v. Andrews, 211 Conn. 501,505, 559 A.2d 1131 (1989).[3] Indeed, the basis for the defendants' motion to strike is that the alleged negligent acts and/or omissions were public and discretionary in nature. In their memorandum in opposition, the plaintiffs do not dispute that the alleged negligent acts and/or omissions were discretionary nor do they argue that the defendants misperformed a ministerial act. Consequently, "in order to prevail, the plaintiffs' claim must fall within one of the recognized exceptions to qualified immunity for discretionary acts." Purzycki v. Fairfield, supra,244 Conn. 108.
Thus, the court now addresses the plaintiffs' second argument, which is that they have sufficiently pled one of the recognized exceptions to qualified governmental immunity, namely, "where circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm." Purzycki v.Fairfield, supra, 244 Conn. 108. "[The Supreme Court has] construed this exception to apply not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims . . . Moreover, [the Supreme Court has] established specifically that schoolchildren who are statutorily compelled to attend school, during school hours on school days, can be an identifiable class of victims." CT Page 2478-ayId., 108-09. In this case, the plaintiffs have alleged in their complaint that the minor plaintiff was a student at New Britain High School and that his injury occurred during a math class. Therefore, based onPurzycki v. Fairfield, the plaintiffs' complaint contains sufficient allegations that the minor plaintiff is within "an identifiable class of victims" and is therefore an "identifiable person."
In Purzycki v. Fairfield, the next inquiry was whether there was sufficient evidence to find that "imminent harm" existed under the circumstances. Purzycki v. Fairfield, supra, 244 Conn. 109. Since this court is presently entertaining a motion to strike, it must decide whether the plaintiffs' complaint sufficiently alleges circumstances that made it apparent to the defendants that their failure to act was likely to subject the minor plaintiff to imminent harm. "[W]hile the ultimate determination of whether a plaintiff was subjected to imminent harm is to be decided by a trier of fact, the initial determination of whether a party has sufficiently alleged that the exception applies in the first instance can be decided by the court as a matter of law." Elinsky v.Marlene, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV 96 0557659 (October 31, 1997, Hale, J.). Indeed, in Evon v. Andrews, supra, 211 Conn. 501 and in several Superior Court cases decided since Purzycki v. Fairfield, courts have granted motions to strike based on the failure to sufficiently allege "imminent harm" so as to fall within the exception to governmental immunity. See e.g., Brunov. BBC Corp. , Superior Court, judicial district of Ansonia-Milford at Derby, Docket No. CV 00 00716343 (May 22, 2002, Lager, J.); Goode v.Wilton, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV 00 0180777 (April 16, 2002, Adams, J.) (31 Conn.L.Rptr. 737); Mann-Byrdsong v. Bloomfield, Superior Court, judicial district of Hartford, Docket No. CV 99 0586162 (March 13, 2002, Wagner, J.); and Embree-Willis v. Point Properties, Superior Court, judicial district of Litchfield, Docket No. CV 01 0084962S (December 28, 2001, DiPentima, J.).
Factors considered by courts in determining the imminence of potential harm include whether the potential for harm was limited in duration and geographical scope, whether the harm involved a temporary condition and whether the risk of harm was significant and foreseeable. Purzycki v.Fairfield, supra, 244 Conn. 110; Burns v. Board of Education, supra,228 Conn. 650. On the other hand, a risk of danger that "implicates a wide range of factors that can occur, if at all, at some unspecified time in the future" is not an imminent harm. Evon v. Andrews, supra,211 Conn. 508. In Evon v. Andrews, the court granted the defendants' motion to strike upon determining that the harm from faulty wiring was not imminent because it could have caused a fire at any time or never at CT Page 2478-bz all. Id. In Burns v. Board of Education, where a schoolchild plaintiff slipped and fell due to icy conditions on a main access-way of the school campus, the court stated: "Unlike the incident in Evon v. Andrews,supra, 211 Conn. 501, this accident could not have occurred at any time in the future; rather, the danger was limited to the duration of the temporary icy condition in this particularly `treacherous' area of the campus. Further, the potential for harm from a fall on the ice was significant and foreseeable." Burns v. Board of Education, supra, 650. InPurzycki v. Fairfield, where a schoolchild plaintiff was tripped by another student in an unsupervised hallway, the court followed the reasoning and outcome of Burns v. Board of Education and found sufficient evidence that imminent harm existed. Purzycki v. Fairfield, supra, 109-11. The court in Purzycki v. Fairfield reasoned that "the present case involves a limited time period and limited geographical area, namely, the one-half hour interval when second-grade students were dismissed from the lunchroom to traverse an unsupervised hallway on their way to recess. Also, it involves a temporary condition, in that the principal testified that every other aspect of the lunch period involved supervision. Finally, the risk of harm was significant and foreseeable . . ." Id., 110.
In the present action, the plaintiffs allege that the defendants negligently failed to act to prevent the occurrence of a physical assault.[4] Specifically, the complaint alleges that on the date in question, the plaintiff, Leonard Ruggiero III was assaulted repeatedly by another student while he sat in his classroom in obedience to his teacher. Prior to the alleged assault, the complaint alleges that the attacker entered a math classroom to which the plaintiff was assigned. The defendant Alexis Torres arrived late and was irritable, insolent and insubordinate, refusing to sign the late form to serve detention as directed by the teacher. He continued to disrupt the class, but was not asked to leave. The teacher allowed him to remain in the room even after Ruggiero complained to the teacher. Thereafter, the Complaint alleges, notwithstanding the fact that the plaintiff was upset, the teacher instructed him to remain in class with the disruptive, belligerent and insubordinate student who was disturbing him and about whom he had complained and continue working. While following those directions the plaintiff claims he was as directed repeatedly struck about the head and face. The facts of this case are even more compelling than those inPurzycki v. Fairfield, although the time frame may comparable the forseeability is much greater. In addition to the limited duration, this case involves a limited geographic scope. Alexis Torres's belligerent behavior was a temporary condition limited in geographic scope.
The imminency and foreseeability of harm based on the facts alleged in CT Page 2478-ba this case is clear. The limited time of a class period and limited location of a classroom supervised by a teacher who observed the demeanor of both students, one belligerent and one apprehensive, presented a narrow range of factors presaging an imminent altercation between Torres and Ruggiero.
With respect to the motion to strike the Fifth and Tenth counts of the Complaint, the defendants contend incorrectly that the plaintiff has not alleged facts constituting a cause of action against the City of New Britain. Indeed, since a town's board of education is merely the instrumentality through which the town maintains control of the public schools as pronounced by the Legislature in General Statutes § 10-240, the plaintiff has pled a claim of negligence against the City.
For the foregoing reasons, the court finds that the plaintiff's complaint contains sufficient allegations to support a conclusion that the imminent harm to an identifiable person exception to governmental immunity applies and that it has asserted claims against the City of New Britain. Therefore, the defendants' motion to strike is denied.
 BY THE COURT Hon. Vanessa L. Bryant